UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DAVID A. WARNER,

    Plaintiff,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

    Defendant.

CAUSE NO.: 1:20-CV-268-TLS

**OPINION AND ORDER**

    The Plaintiff David Warner seeks review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ) erred by finding that he had no severe impairments. For the reasons set forth below, the Court finds that substantial evidence supports the ALJ's decision, and that there is no basis to remand for further review.

**PROCEDURAL BACKGROUND**

    On March 23, 2017, the Plaintiff filed an application for supplemental security income (SSI), alleging disability beginning December 11, 2015. AR 15, ECF No. 12. After the claim was denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on January 8, 2019. *Id.* On June 5, 2019, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 15–22. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–3. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On July 23, 2020, the Plaintiff filed a Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's

final decision. The Plaintiff filed an opening brief, and the Commissioner filed a response brief. ECF Nos. 18, 19. The Plaintiff did not file a reply brief, and the time to do so has passed.

## THE ALJ'S DECISION

For purposes of SSI, a claimant is "disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 416.920.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since March 23, 2017, the application date. AR 17.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 416.920(a)(4)(ii), (c). Here, the ALJ first found that the Plaintiff has the medically determinable impairments of status post-subdural hematoma in 2013 and a history of bilingual inguinal hernia, status post-laparoscopic repair. AR 17. The ALJ noted the Plaintiff's testimony that he has headaches, leg pain/dysfunction, right thumb pain/dysfunction, back pain, and hearing loss; however, the ALJ found that these allegations did not stem from any medically determinable impairment and that the record contained no evidence of any formal diagnosis or treatment for these alleged impairments. *Id.* The ALJ then found that the Plaintiff does not have

an impairment or combination of impairments that has significantly limited, or is expected to significantly limit, the ability to perform basic work-related activities for twelve consecutive months and that, as a result, the Plaintiff does not have a severe impairment or combination of impairments. *Id.* As a result, the ALJ found that the Plaintiff is not under a disability, AR 22, and, thus, did not consider the remaining steps of the sequential analysis.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore*

3

*v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

## ANALYSIS

The Plaintiff argues that the ALJ erred in finding that he had no severe impairments. The regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," examples of which include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.* § 416.922(b). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). Age, education, and work experience are not considered in this analysis. 20 C.F.R. § 416.920(c).

At step two, the burden on the claimant is de minimis. *See Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016). However, a diagnosis alone does not establish that the impairment affects the claimant's ability to perform basic work activities. *See Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also*

*Richards v. Berryhill*, 743 F. App'x 26, 30 (7th Cir. 2018) ("But pointing to various diagnoses and complaints and saying that they might hinder Richards is insufficient to establish the existence of a functional limitation." (citing *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005))).

Here, the ALJ found that the Plaintiff has the medically determinable impairments of status post-subdural hematoma in 2013 and a history of bilingual inguinal hernia, status post-laparoscopic repair but found that they were not severe either singly or in combination. As a result, the ALJ found the Plaintiff not disabled. *See* 20 C.F.R. § 416.920(c). In his brief, the Plaintiff argues that the ALJ should have found a severe impairment related to his cervical degenerative disc disease or related to his memory as a result of the traumatic brain injury in 2013. However, the ALJ thoroughly discussed the evidence of record, and the Plaintiff identifies no error in the ALJ's treatment of the evidence nor explains why the decision is not supported by substantial evidence.

First, the ALJ noted that the Plaintiff required inpatient hospitalization for treatment of a subdural hematoma in early 2013 following a fall on the ice. AR 19. Regarding his alleged neck impairment, the Plaintiff cites the February 26, 2013 CT scan of the cervical spine, which was taken as a result of this fall, showing cervical degenerative disc disease of the spine. *See* AR 295, 345, 382. However, a consultative physical examination a year later in February 2014 was essentially normal, showing that the Plaintiff had "no restrictions physically," normal concentration and social interaction, intact remote and recent memory, and normal hearing, speech, and vision. AR 19 (citing AR 329–31). Notably, the Plaintiff specifically cites this February 2014 record for the examination finding that he had "full range of motion in the cervical neck" with "no pain," AR 330, a finding which is contrary to his assertion of an injury

that limits his ability to work. The same record also shows that the Plaintiff reported no neck pain and no back pain to the consultative examiner. AR 329. Finally, the ALJ noted that the Plaintiff had surgery to repair a bilateral inguinal hernia in late 2015 with no apparent residual effects. AR 19.

The ALJ then noted that, at a consultative physical examination in July 2017, Abdali Shakoor Jan, M.D., found that despite his complaints of pain, the Plaintiff demonstrated normal range of motion (with the exception of his right thumb) and full muscle and grip strength with the ability to perform fine and gross movements on a sustained basis. AR 19 (citing AR 260–64). The ALJ also noted the inclusion in Dr. Jan's medical source statement as to the amount of time the Plaintiff would be able to sit, stand, and walk, and the amount of weight he could lift, but, as the ALJ recognized, Dr. Jan noted that those limitations reflected the Plaintiff's own statements, not the results of his examination. AR 20 (citing AR 261–62). As the ALJ noted, Dr. Jan's examination itself did not support the need for the limitations in the opinion. *Id.* As the Seventh Circuit has explained, a claimant's "subjective complaints need not be accepted insofar as they clash with other, objective medical evidence in the record." *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007). "And where a treating physician's opinion is based on the claimant's subjective complaints, the ALJ may discount it." *Bates v. Colvin*, 736 F.3d 1093, 1100 (7th Cir. 2013) (citing *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008)). The Plaintiff does not challenge the ALJ's assessment of the opinion evidence.

The ALJ further explained that consultative psychological examiner, Dan L. Boen, Ph.D., noted later in 2017 that the Plaintiff scored in the average range in most areas of testing. AR 19 (citing AR 271 (noting "High Average" visual memory performance; "Average" visual memory, visual working memory, immediate memory, and delayed memory; and "Low Average" auditory

6

memory)). The ALJ noted that the Plaintiff's global cognitive functioning was in the average range as well. *Id.* (citing AR 271). In light of his findings, Dr. Boen opined that, although the Plaintiff would have trouble remembering what he was asked to do on a job, he could both understand what he was asked to do, concentrate on his work tasks, and stay on task. *Id.* (citing AR 278). The ALJ found Dr. Boen's reference to "trouble" remembering things on the job to be both vague (i.e., not functionally specific or well explained) and inconsistent with Dr. Boen's own objective test results, which revealed, at worst, low-average performance on one measure of memory and either average or high-average performance on others. *Id.* The extent to which a source presents objective medical evidence and supporting explanations for an opinion is highly relevant to the assessment of the persuasiveness of the opinion. 20 C.F.R. § 416.920c(c)(1). The Plaintiff offers no discussion of the ALJ's consideration of this evidence. The ALJ reasonably found that element of Dr. Boen's statement unpersuasive.

The ALJ also considered and discussed the opinion of consultative examiner, Vijay G. Kamineni, M.D., which was from prior to the period at issue, as well as the opinions of nonexamining consultants, Drs. Sands, Smartt, Kennedy, and Unversaw, which were given during the relevant time period. AR 20–21. The Plaintiff does not address the ALJ's discussion of this opinion evidence. The nonexamining doctors reviewed the available evidence in late 2017 and opined that the Plaintiff had no severe mental or physical impairment. AR 94–96, 102–03. In addition, the ALJ considered the Plaintiff's ability to perform a variety of activities of daily living, which, while not dispositive on the question of disability, informed the ALJ's assessment of the extent to which the Plaintiff's impairments affected his functioning. AR 22.

In addition, the ALJ considered the longitudinal records and commented that there was no indication that the Plaintiff sought regular or extensive treatment during the period at issue.

AR 19, 22. The ALJ considered this lack of treatment in combination with the medical and opinion evidence discussed above. The Court finds that the ALJ sufficiently discussed the evidence of record to create a logical bridge between the evidence and the decision. Moreover, the decision is supported by substantial evidence.

The Plaintiff's brief relies largely on his own testimony and records from prior to the time frame at issue. *See, e.g.*, AR 286 (2013), 295 (same), 345 (same), 330 (2014), 283 (2013), 280–82 (2015). Nevertheless, the ALJ discussed these earlier records in the context of the consultative examinations from the current, relevant time period, and the Plaintiff does not contest the ALJ's consideration of those records. AR 19–22. Finally, the Plaintiff speculates that, given his age and educational level combined with the fact that he has no transferable skills, if his back and neck impairment were serious enough to prevent medium work, he would be found disabled under the grid. However, as set forth above, the Plaintiff identifies no evidence of record showing that he has a neck and/or back impairment that is severe.

The Plaintiff has failed to show that the ALJ erred in finding that the Plaintiff has no severe impairment at step two of the sequential analysis.

## CONCLUSION

For the reasons stated above, the Court DENIES the relief sought in the Plaintiff's Brief [ECF No. 18] and AFFIRMS the decision of the Commissioner of the Social Security Administration.

SO ORDERED on August 23, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT